**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NYSIAAVIS M. CHERRY,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
PH-0752-18-0225-X-1

DATE: May 24, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Conor Ahern, Esquire, Matthew D. Estes, Esquire, P. Sean Murphy, Esquire, and Angel Juan Valencia, Esquire, Washington, D.C., for the appellant.

Ryan K. Bautz, Fort Meade, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      In a December 9, 2019 compliance initial decision, the administrative judge found the agency in noncompliance with the Board's December 3, 2018 decision dismissing the appellant's appeal based on a settlement agreement entered into the record for purposes of enforcement by the Board. *Cherry v. Department of the Army*, MSPB Docket No. PH-0752-0225-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID); *Cherry v. Department of the Army*, MSPB Docket No. PH-0752-18-0225-I-1, Initial Appeal File, Tab 19, Initial Decision. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      On November 14, 2019, the appellant filed a petition for enforcement asserting that the agency had failed to carry out certain of its obligations under the settlement agreement reached in the underlying appeal. CF, Tab 1 at 6-7. Following a response by the agency, the administrative judge issued a compliance initial decision granting the petition for enforcement and finding, in relevant part, that the agency had failed to credit the appellant with 84 hours of annual leave and 56 hours of sick leave, as required by the settlement agreement. CID at 4.

¶3      The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. *Id.* In addition, he informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein. *Id.* Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a

final decision on issues of compliance. *Cherry v. Department of the Army*, MSPB Docket No. PH-0752-18-0225-X-1, Compliance Referral File (CRF), Tab 1.

¶4  On January 16, 2020, the Board issued an acknowledgment order directing the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. On March 2, 2020, the agency filed a response confirming it intended to comply with the actions identified in the compliance initial decision but had not yet "succeeded" in doing so. CRF, Tab 3 at 4.

¶5  The Board issued a second order on August 25, 2020, again ordering the agency to file evidence of compliance within 30 days. CRF, Tab 4 at 2. The agency did not respond.

¶6  The Board issued a third order on May 31, 2022, instructing the agency to file evidence of compliance within 21 days and warning that if the agency failed to do so, the Board would issue an order to show cause why the agency should not be sanctioned for its repeated failures to respond. CRF, Tab 9 at 2-3. The agency did not respond.

¶7  On August 22, 2022, the Board issued an order to show cause, instructing the agency to submit a written response explaining why sanctions should not be imposed for the agency's failure to comply with the Board's August 25, 2020 and May 31, 2022 orders. CRF, Tab 10 at 4. The show cause order noted that despite repeated instructions, the agency had failed to identify the agency official charged with compliance with Board orders under 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c). *Id.* at 3. The Board therefore identified Mr. William J. Koon, Director, Civilian Personnel, Labor and Employment Law for the Army's Office of the Judge Advocate General, as the responsible agency official, and ordered him to respond to the show cause order as well. *Id.*

¶8  The agency and Mr. Koon timely filed responses to the show cause order. CRF, Tabs 12-13. The agency apologized for its prior failures to respond and submitted evidence of full compliance, with which the agency stated the appellant

agreed. CRF, Tab 12 at 4-5, 11-15. The agency provided the name of the responsible agency official, Lieutenant Colonel James F. Beheler, in accordance with the Board's prior orders, and contended that sanctions against the agency are not warranted. *Id.* at 4, 6. Mr. Koon, whom the Board had named as the responsible agency official in the absence of a designation by the agency, argued that the Board should not impose sanctions because compliance has been achieved. CRF, Tab 13 at 4-5. The appellant did not respond to either submission and has not opposed the representation that she agrees that the agency has achieved compliance.

## ANALYSIS

¶9 A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, [121 M.S.P.R. 299](#), ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

¶10 Here, the agency has submitted a narrative statement, supported by evidence, detailing its compliance efforts. CRF, Tab 12 at 4-5, 8-15. The agency explained that its previous representative had worked with the appellant's attorney to finalize the outstanding issues, including issues related to attorney fees, and submitted a signed agreement between the parties and email exchanges documenting that the issues had been resolved to the appellant's satisfaction.[3] *Id.* at 10-15. The appellant has not responded or otherwise contradicted this

---

[3] The parties did not request that the agreement be entered into the record for enforcement purposes. *See* CRF, Tab 12 at 12.

evidence. Accordingly, we find the agency in compliance with the compliance initial decision and the underlying settlement agreement.

¶11      We decline to impose sanctions on the agency or Mr. Koon. As the agency argued, CRF, Tab 13 at 4-5, and the appellant did not refute, the Board's sanctions authority in the petition for enforcement context is aimed at obtaining compliance with Board orders. *E.g.*, *Martin v. Department of Justice*, 86 M.S.P.R. 13, ¶ 2 (2000). Once the agency achieves compliance, sanctions are "inappropriate." *Id.*; *accord Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010); *O'Keefe v. Department of Veterans Affairs*, 69 M.S.P.R. 567, 569 (1996). Because we now find the agency in compliance, sanctions are not appropriate.

¶12      This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.